IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  14-cv-00023-RM-BNB

VALERIE C. HARRIS,

Plaintiff,

v.

SERGEANT STEPHANIE J. GARCIA,
SERGEANT CASEY YODER,
LIEUTENANT LINDSEY VIGNA,
CAPTAIN JAMIE L. NORRIS,
HUMANE SOCIETY OF THE PIKES PEAK REGION,
DEPUTY D. GIFFORD,
DEPUTY A. GONZALEZ,
DEPUTY D. JAKETTA,
DEPUTY C. O'NEIL,
SERGEANT DAVE BLACK, and
SHERIFF KIRK M. TAYLOR,

Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

The plaintiff claims that she was subjected to an illegal search and seizure in violation of

her Fourth Amendment rights and 42 U.S.C. § 1983.  The search was in connection with a

criminal prosecution pending in a Colorado state court.  I previously granted Plaintiff's Motion

to Stay Pending Outcome of Criminal Case and stayed this action pending the outcome of the

state criminal prosecution.  Order [Doc. # 10].  The plaintiff was convicted, but reports that she

intends to appeal the conviction.  Resolution of that appeal is likely to take a number of months.

In the meantime, the plaintiff's claim for relief is barred under Heck v. Humphrey, 512 U.S. 477

(1994).

Under these circumstances, where a successful appeal would allow the plaintiff to proceed on her unlawful search claim but that claim currently is barred by Heck, administrative closure under D.C.COLO.LCivR 41.2 is appropriate pending resolution of the appeal.

I respectfully RECOMMEND that the action be administratively closed subject to reopening for good cause shown.[1]

Dated May 8, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[1]Prsuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.   A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).